**SO ORDERED.**

**SIGNED January 19, 2011.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

```
             UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA

IN RE:

GULF FLEET HOLDINGS, INC., ET AL,      CASE NO. 10-50713

    Debtors                             Chapter 11

                                        (Jointly Administered with
                                        Case Nos. 10-50714,
                                        10-50715, 10-50716,
                                        10-50718, 10-50719,
                                        10-50720, 10-50721,
                                        10-50722, 10-50723)
-----------------------------------------------------------------
GULF FLEET HOLDINGS, INC.,

    Plaintiff

VERSUS                                  ADVERSARY NO. 10-05044

M/V GULF TIGER, In Rem, and THOMA-SEA
BOAT BUILDERS, L.L.C., as Purported Owner,

    Defendants
-----------------------------------------------------------------
                      MEMORANDUM RULING
-----------------------------------------------------------------
```

The subject matter of the present adversary proceeding is Gulf Fleet Holdings, Inc.'s ("Gulf Fleet") request that the court

recognize a maritime privilege against the *M/V Gulf Tiger* under Louisiana Civil Code article 3237(8). Thoma-Sea seeks dismissal of the complaint on the grounds that Gulf Fleet has failed to state a claim for which relief may be granted.  After considering the parties' arguments, briefs, and relevant authorities, the court rules as follows.

**JURISDICTION**

The court has jurisdiction over the matters asserted in this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(a).  This matter is a core proceeding in which this court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(I) and (J).

**BACKGROUND**

The complaint alleges that Gulf Fleet entered into a contract with Thoma-Sea in 2007 for the construction of the *M/V Gulf Tiger*, an offshore supply vessel.  Gulf Fleet subsequently transferred its rights and obligations under this construction contract to one of its affiliates, Gulf Fleet Tiger Acquisitions, LLC ("Gulf Fleet Tiger").  Gulf Fleet contends that it "provided materials, workmen and other services in connection with the construction of the *M/V Gulf Tiger* in the total amount of $1,047,138.83 for equipment, materials, workmen, and other services" following the assignment of the construction contract to Gulf Fleet Tiger.  Complaint at ¶ 8. Exhibit A to the complaint lists the relevant payments, including

-2-

each payee and the date and amount of each payment. Gulf Fleet alleges that Thoma-Sea has since held itself out as the owner of the *M/V Gulf Tiger*. Gulf Fleet and its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on May 14, 2010. Gulf Fleet filed the instant action seeking a determination by the court that it has an enforceable state law privilege against the *M/V Gulf Tiger*. Gulf Fleet named the *M/V Gulf Tiger* (*in rem*) and Thoma-Sea as defendants. The *in rem* claim against the *M/V Gulf Tiger* was previously dismissed. Thoma-Sea now moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**DISCUSSION**

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure provides that Rule 12(b)(6) of the Federal Rules of Civil Procedure applies in adversary proceedings. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough

facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Elsensohn v. St. Tammany Parish Sheriff's Office, 530 F.3d 368, 372 (5th Cir.2008) (quoting Twombly, 550 U.S. 544, 127 S.Ct. at 1974, 167 L.Ed.2d 929). A claim satisfies the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly's plausibility standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949(internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007); Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d

-4-

464, 467 (5th Cir. 2004); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). The pleadings include the complaint and any documents attached to it. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

Thoma-Sea contends that dismissal is proper because Gulf Fleet's privilege claim fails as a matter of law. The parties' dispute centers on one subsection of the Civil Code provision dealing with maritime liens, Louisiana Civil Code article 3237(8). This provision provides:

> **Art. 3237. Privileges on ships and vessels, enumeration and ranking; prescription**
>
> The following debts are privileged on the price of ships and other vessels, in the order in which they are placed:
>
> . . .
>
> 8. Sums due to sellers, to those who have furnished materials and to workmen employed in the construction, **if the vessel has never made a voyage**; and those due to creditors for supplies, labor, repairing,, victual, armament and equipment, previous to the departure of the ship, **if she has already made a voyage**.

La. Civ. Code Art. 3237(8) (emphasis added). The first clause of article 3237(8) applies when a vessel has never made a voyage. The

-5-

second clause of the provision applies when a vessel "has already made a voyage." Gulf Fleet alleges that the *M/V Gulf Tiger* had not made a voyage as of the filing of the complaint. Accordingly, Gulf Fleet apparently relies on the first clause of Article 3237(8) to claim a privilege for "sums due in connection with equipment and materials furnished and workmen employed in the construction of the *M/V Gulf Tiger*." Complaint at ¶¶ 9-10. Gulf Fleet alleges that it has a privilege under article 3237(8) because it paid the vendors who supplied the materials, equipment, and labor to the construction of the vessel. Thoma-Sea contends that mere payment of vendors does not give rise to a privilege in favor of Gulf Fleet under article 3237(8) because the privilege is limited to suppliers who actually furnish materials to a vessel, or to laborers employed in the construction of the vessel.

The scope of the article 3237(8) privilege is a question of law that is appropriate for a Rule 12(b)(6) motion. Louisiana state law privileges are *stricti juris*; they cannot be extended by implication or analogy "to a situation that the statute creating the privilege does not provide for." In re Adler Investments, Inc., 330 B.R. 540, 546 (Bankr. M.D. La. 2005); P.B.C. Systems, Inc. v. L.A.D. Construction Co., Inc., 428 So. 2nd 984, 987 (La. App. 1st Cir. 1983) (citing Louisiana Civil Code Article 3185). Article 3237(8) states that the privilege extends to the following

-6-

parties: "to sellers, to those who have furnished materials and to workmen employed in the construction" of the vessel. Construing this provision *stricti juris*, Louisiana courts have held that the privilege is limited to those who supply materials or labor, and does not extend to creditors who advance funds used to pay for materials or labor. See Grant v. Fiol & Al., 17 La. 158, 1841 WL 1239 (La. 1841) (holding that no privilege exists for money advanced to a steamer even though it was used for the vessel's necessities); Owens v. Davis, 15 La. Ann. 22, 1860 WL 5490 (La. 1860) (holding that a party who lends money to be used in the repairs of a vessel or to furnish the vessel with supplies does not have a privilege against the vessel); Hill v. Phoenix Tow, 2 Rob. (LA) 35, 1842 WL 1600 (La. 1842) (holding that "a creditor for advances or loans in money made to the owner, and applied to the use of a vessel, has no privilege allowed him by law, because he is not subrogated to the rights of those whose privileged claims have been paid out of the money loaned.") Reviewing the allegations of the complaint as a whole – including Exhibit A – Gulf Fleet appears to fall outside the scope of article 3237(8) as construed by Grant v. Fiol because Gulf Fleet did not directly supply materials to the construction of the *M/V Gulf Tiger*. Rather, Gulf Fleet paid the suppliers who furnished the materials to the vessel.

Gulf Fleet attempts to distinguish the <u>Grant v. Fiol</u> line of cases by arguing that it did not merely loan money to the vessel owner to use for supplies and other necessities, but "provided services and furnished materials *by paying for them*." Plaintiff's Opposition Brief at 5 (emphasis added). This distinction is unpersuasive. The point of <u>Grant v. Fiol</u> is that the first clause of article 3237(8) applies only to suppliers who actually furnish materials for the vessel and laborers. Creditors who merely advance money are not protected by the privilege even if the money is used to procure materials and labor for the vessel. Whether Gulf Fleet paid these suppliers and laborers directly or advanced funds to the owner of the *M/V Gulf Tiger* to pay the vendors is irrelevant because, in both cases, Gulf Fleet merely paid money.[1] In short, Gulf Fleet does not fall within the class of creditors protected by article 3237(8) based on the <u>Grant v. Fiol</u> line of cases.[2]

---

[1] The vendors listed on Exhibit A to the complaint may well have furnished materials to the *M/V Gulf Tiger* and, accordingly, may have been protected by article 3237(8). However, any such privileges were extinguished when Gulf Fleet paid these vendors.

[2] The second clause of article 3237(8) seems to frame the privilege more broadly by referring to "creditors" as opposed to workmen and suppliers who furnish materials. However, <u>Grant v. Fiol</u> states that the classes of persons protected by the privilege in both clauses of article 3237(8) are the same. In any event, the second clause would be inapplicable to the present case because Gulf Fleet pleads that the *M/V Gulf Tiger* has not

-8-

Gulf Fleet also contends that the Grant v. Fiol line of cases is inapplicable because the cases were decided prior to the 1870 amendments to the Civil Code. According to Gulf Fleet, the court should rely on the more recent case of P.B.C. Systems, Inc. v. L.A.D. Const. Co., Inc., 428 So.2d 984, 986 (La. App. 1 Cir. 1983). The P.B.C. Systems case supports Gulf Fleet's argument that contractual privity between a supplier and the owner of a vessel is not necessary to create an article 3237(8) privilege in favor of the supplier. However, P.B.C. Systems is also consistent with Grant v. Fiol because the creditor in P.B.C. Systems actually supplied equipment for the vessel. The parties have not cited, nor has the court located, any post-1870 cases addressing whether article 3237(8) applies to parties who advance money to pay for materials used in the construction of a vessel. Nor have the parties cited any cases that modify or overrule the Grant v. Fiol line of cases. Indeed, the relevant language of article 3237(8) does not appear to have been materially changed by the 1870 amendments.[3]

---

made a voyage.

   [3] At the time Grant v. Fiol was decided, the relevant provisions of article 3237(8) appeared in article 3204 of the Civil Code. The relevant language of the privilege was essentially the same:

   The article referred to recognizes a privilege in sellers,

-9-

Finally, Gulf Fleet argues that the court should adopt its reading of article 3237(8) in order to harmonize Louisiana's state law privilege with federal maritime law. According to Gulf Fleet, such liens are assignable and could be enforced by Gulf Fleet under federal maritime law. The court need go no further than the rule that privileges are to be construed *stricti juris*. Gulf Fleet's argument violates this rule by using federal maritime law – by implication or analogy – to impermissibly expand the scope of the privilege in article 3237(8). In sum, based on the allegations currently in the complaint, Gulf Fleet cannot, as a matter of law, claim the state law privilege set forth in article 3237(8).

## CONCLUSION

For the reasons stated herein, the court grants Thoma-Sea's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Fifth Circuit has held that courts should ordinarily give parties an opportunity to amend after a motion to dismiss has been granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice

---

>    those who furnished materials and workmen employed in the construction, if the vessel has never made a voyage; and creditors for supplies, &c., previous to the departure of the ship, if she has already made a voyage.

Grant v. Fiol, 17 La. 158, 1841 WL 1239 at *1.

-10-

to the opposing party by virtue of allowance of the amendment, ...". U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc., 336 F.3d 375, (5th Cir. 2004) (quoting Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). None of these factors are present here. Accordingly, the court will grant Gulf Fleet an opportunity to amend. Gulf Fleet is to file an amended complaint within thirty (30) days of the date of this memorandum ruling. In all other respects, Thoma-Sea's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

###